JUDGE NATHAN

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

14 CV 4940



THE HALAL GUYS, INC.,
a New York Corporation

      Plaintiff,

  -against-

THE HALAL GUYS OF NEW YORK, INC.,
a New York Corporation,
MOUSTAFA H. ELNAGAR, an individual,
MOUSTAFA A. ATTALLA, an individual,
and John Does 1-5

      Defendants.

ECF CASE
Civil Action No. _____

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff The Halal Guys, Inc. ("The Halal Guys"), for its complaint against the defendants The Halal Guys of New York, Inc. ("The Halal Guys of New York"), Moustafa H. Elnagar ("ElNagar"), Moustafa A. Attalla ("Attalla') and John Does 1-5 (collectively, "Defendants"), states as follows on knowledge as to Plaintiff and otherwise on information and belief:

<u>INTRODUCTION</u>

1.    Plaintiff is the owner and operator of several mobile food carts located on the streets of New York City (NYC) which serve halal food under the service mark THE HALAL GUYS. Plaintiff's mark is federally registered for restaurant services rendered via mobile food carts. Plaintiff opened its first brick and mortar restaurant on 14th Street and 2nd Avenue on Saturday, June 28, 2014, next to the location of one of Plaintiff's food carts.

2.    Without Plaintiff's consent, and knowing full well of Plaintiff, and of Plaintiff's reputation and goodwill, the Defendants have recently begun to operate a mobile food cart

serving halal food under the name THE HALAL GUYS OF NEW YORK on and about 14th Street and University Place in NYC. The Defendants' use of the mark THE HALAL GUYS OF NEW YORK contravenes Plaintiff's rights, and blatantly infringes one of Plaintiff's federal trademark registrations. Indeed Defendants' mark THE HALAL GUYS OF NEW YORK is a counterfeit of Plaintiff's mark THE HALAL GUYS. Defendants' acts have and will cause irreparable harm to the Plaintiff's reputation and goodwill and must be preliminarily and permanently enjoined.

<u>THE PARTIES</u>

3.      Plaintiff is a corporation organized and existing under the laws of the State of New York having a corporate address at 10-02 34th Avenue, Astoria, Queens, New York 11106. Plaintiff owns and operates several mobile food carts located in NYC, and recently opened a restaurant on 14th Street at about 2nd Avenue. See a copy of the *The Halal Guys Food Cart Operation is Opening its First Brick-and-Mortar Restaurant, in the East Village, With a Lot More Planned*, by Carol Kuruvilla, NEW YORK DAILY NEWS available also online at: http://www.nydailynews.com/life-style/halal-guys-expanding-food-carts-restaurants-article-1.1845910. See **Exhibit A** annexed hereto.

4.      Plaintiff's first food cart began operating under the mark THE HALAL GUYS over 13 years ago at least as of November 2000 at the North East (NE) corner of 6th Avenue and 53rd Street location, and prior in time was serving halal food from its food cart at that location.

5.      Defendant The Halal Guys of New York is a corporation formed in 2013 under the laws of the State of New York having a corporate address at 21-78 35th Street, #3C, Astoria, New York 11105. The Halal Guys of New York recently began operating a mobile food cart under the mark THE HALAL GUYS OF NEW YORK on 14th Street in NYC, a few blocks from

Plaintiff's cart on that street and Plaintiff's now open brick & mortar restaurant.

6.     Defendant ElNagar is a principal of defendant The Halal Guys of New York. El Nagar manages, controls and operates the business The Halal Guys of New York, and as such he is responsible for the tortious acts of The Halal Guys of New York. The Halal Guys of New York is so dominated and controlled by El Nagar that said individual and the corporate defendant are interchangeable with one another.

7.     Defendant Attalla is a principal of defendant The Halal Guys of New York. Attalla manages, controls and operates the business The Halal Guys of New York, and as such he is responsible for the tortious acts of The Halal Guys of New York. The Halal Guys of New York is so dominated and controlled by Attalla that said individual and the corporate defendant are interchangeable with one another.

8.     There may be other persons who are involved in the infringement of Plaintiff's rights and hereby sues them by fictitious names John Does 1 through 5. Plaintiff has yet to confirm the true identities and acts of participation of Does 1 through 5, inclusive, and therefore must now sue them by such fictitious names. Plaintiff is informed and believes that each of the defendants designated as a Doe is liable in some manner for the acts and omissions, damages and injuries of which Plaintiff alleges in this Complaint. Plaintiff will seek to amend the Complaint to state the true identities of Does 1 through 5 when ascertained.

<u>JURISDICTION AND VENUE</u>

9.     This action arises under the trademark laws of the United States, the Lanham Trademark Act of the United States, 15 U.S.C. § 1051 <u>et seq.</u>, and under the statutory and common laws of the State of New York.

3

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a). This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 (a).

11.     This Court has personal jurisdiction over Defendants because the Defendants are doing business in the State of New York from a food cart located in NYC, the named corporate defendant is a New York Corporation, and the named individual defendants reside in the State of New York. Each Defendant has committed one or more tortious acts giving rise to the allegations of this complaint in the State of New York and thus they also transact business in New York. The Doe defendants do business and/or transact business in this district through the activities of the named corporate defendant, and are otherwise within the jurisdiction of this Court.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because this is an action brought pursuant to the Lanham Trademark Act, Defendants conduct business in this judicial district, the corporate defendant is subject to personal jurisdiction here, and the events giving rise to the allegations of this complaint occurred in this district.

## BACKGROUND

A. The Goodwill and Reputation of The Halal Guys is at Stake

18.     Plaintiff's business was founded in 1990. The business originally operated as a hot dog cart on the NE corner of 6th Avenue and 53rd Street until it transitioned to a food cart serving halal chicken and lamb over rice in about 1992. The business began operating under the name THE HALAL GUYS at least as of November 2000.

19.     Plaintiff has developed a strong following over the years and its patrons come far and wide to have Plaintiff's halal food. Patrons sometimes stand on a line for hours waiting to be

4

served.  To satisfy its patron's growing demands, Plaintiff opened through the years additional food

carts at various other locations in NYC, including just across the street from its "original location" on

the NE corner of 6th Avenue and 53rd Street.

20.     Plaintiff's reputation and goodwill has made possible its continued expansion

and growth: first to local brick & mortar restaurants.  See *The Halal Guys are coming to the East*

*Village*, EV GRIEVE, June 18, 2013 available online at http://evgrieve.com/2013/06/the-halal-guys-

are-coming-to-east.html; *The Halal Guys, NYC's Favorite Food Cart, Is Finally Getting Its Own*

*Restaurant*," by Anthony Selden, ELITEDAILY.COM, October 1, 2013 available online at

http://elitedaily.com/envision/food/the-halal-guys-nycs-favorite-food-cart-is-finally-getting-its-own-

restaurant/; *Halal Guys to Open Restaurant in East Village*, by Amelia Pang, EPOCH TIMES,

October 1, 2013 available online at http://www.theepochtimes.com/n3/305332-halal-guys-to-open-

restaurant-in-east-village/; *Halal Guys food cart to open restaurant in East Village*, by Carol

Kuruvilla, NEW YORK *DAILY NEWS*, October 2, 2013 available online at

http://www.nydailynews.com/life-style/eats/halal-guys-food-cart-open-restaurant-east-village-article-

1.1474330; *Halal Guys Move From Food Cart to Restaurant*, by Dina Exil,

FOODWORLDNEWS.COM, October 5, 2013 available online at

(http://www.foodworldnews.com/articles/4436/20131005/halal-guys-move-food-cart-restaurant.htm;

*The Halal Guys: Union Square*, by Shantal Cheong, SPOON UNIVERSITY NYU, November 2,

2013 available online at http://nyu.spoonuniversity.com/restaurant/halal-guys-union-square/.

21.     The NEW YORK TIMES recently announced that Plaintiff would be opening

brick & mortar restaurants across the USA as well as internationally:

But things are about to change for the Guys. More than a decade after three Egyptian men switched from selling hot dogs from their Midtown cart to serving halal food to Muslim cabdrivers, the Halal Guys are about to become a fast-food chain. The company — founded by Mohamed Abouelenein, Ahmed Elsaka and Abdelbaset Elsayed — signed a deal with Fransmart, the restaurant franchise consulting firm that took Five Guys Burgers and Fries from four locations in Northern Virginia and helped turn it into a chain with more than 1,200 stores and more than $1 billion in sales last year. Qdoba, a Mexican food chain, is Fransmart's other success story.

Within a year Fransmart hopes to open Halal Guys outlets in Los Angeles, along the East Coast, across Canada and in the Middle East. The five-year plan is for 100 locations, as well as a presence in Europe.

See *The Halal Guys: Cashing in on Street Cred*, by Alex Vadukul, NEW YORK *TIMES*, June 13, 2014 available online at www.nytimes.com/2014/06/15/nyregion/the-halal-guys-cashing-in-on-street-cred.html. See **Exhibit B** annexed hereto.

B.   Plaintiff's Federally Registered Trademark Rights

22.   Plaintiff registered its long used trademarks in the United States Patent and Trademark Office. Plaintiff owns all right, title and interest in and to the mark:

# THE HALAL GUYS

This mark is the subject of U.S. Registration No. 4253742 issued by the United States Patent and Trademark Office on December 2, 2012 in connection with restaurant services provided via mobile food carts which cites a date of first use at least on or before November 2000. A copy of this trademark registration is attached as **Exhibit C**.

23.    Plaintiff owns all right, title and interest in and to the mark referred to as "THE HALAL GUYS GYRO AND CHICKEN" LOGO:



This mark is the subject of U.S. Registration No. 4253743 issued by the United States Patent and Trademark Office on December 4, 2012 in connection with restaurant services in the nature of mobile food carts and which cites a date of first use of January 2001. A copy of this trademark registration is attached as **Exhibit D**.

24.    Plaintiff owns all right, title and interest in and to the mark known as the THE HALAL GUYS Cart and Patron Line" Design Mark:



This mark is the subject of U.S. Registration No. 4254017 issued by the United States Patent and Trademark Office on December 4, 2012 in connection with restaurant services in the nature of mobile food carts and which cites a date of first use of January 2001. A copy of this trademark registration is attached as **Exhibit E**.

C.    Defendants' Unlawfully Competing Activities And
       Plaintiff's Efforts to Halt the Violation of its Mark

25.    Knowing full well of Plaintiff, Plaintiff's reputation and goodwill, Defendants

incorporated a business under the name The Halal Guys of New York, Inc., in 2013. Defendants'

knowledge derives from the fact that the individual defendants operate a halal food cart under a non-

infringing name at the same location on the NE corner of 53[th] Street and 6th Avenue as does Plaintiff,

but the individual defendants' food cart at that location operates during day-light hours, while

Plaintiff's food cart under the mark THE HALAL GUYS at that location does not commence

operation until 7pm daily. Defendants' are thus well aware of Plaintiff's business which operates

under the mark THE HALAL GUYS at the NE corner of 56th Street and 6th Avenue, as well as the

location of Plaintiff's other food carts, including Plaintiff's food cart on 14th Street.

26.    In mid-late May of 2014, Plaintiff became aware that Defendants began

operating a food cart on 14th Street just a few blocks away from Plaintiff's own food cart on 14th

Street and that such food cart bore the mark THE HALAL GUYS OF NEW YORK in direct

competition with Plaintiff for Plaintiff's patrons.

27.    Upon learning of such food cart, in an effort to quickly stop the counterfeiting

and infringement of Plaintiff's mark and the public confusion that would result therefrom, Plaintiff

enlisted the help of the police authorities to put Defendants on notice of its rights. In early June

2014, in a further effort to stop the counterfeiting and infringement of Plaintiff's mark and the

damage to the goodwill of its brand, Plaintiff decided to also pursue its civil remedies against the

conduct of the Defendants.

28.    On June 2, 2014, Plaintiff's counsel sent a notice to Defendants, copy of

which is attached hereto as **Exhibit F** made a part hereof, advising Defendants of Plaintiff's rights

and demanding that Defendants' counterfeiting and infringing activity cease immediately. While to

date there has been no formal response to that letter, Defendants appeared to have promptly ceased

8

their operations under the mark THE HALAL GUYS OF NEW YORK when, shortly after Defendants' receipt of such letter, Plaintiff learned Defendants had taken down their offending signs.

29.     On July 18, 2014, after having been advised that the Defendants appeared to have taken down their signs thus ceasing use of the mark THE HALAL GUYS OF NEW YORK, counsel for Plaintiff sent a second letter to Defendants, copy of which is attached hereto as **Exhibit G** and made a part hereof, noting that she was informed that the unlawful activity appeared to have ceased and informing Defendants that Plaintiff still required Defendants to change their corporate name.

30.     Rather than change their corporate name, Plaintiff subsequently learned that Defendants once again put up their signs and again began operating their food cart on 14th Street in NYC under the mark THE HALAL GUYS OF NEW YORK, in willful and reckless disregard of Plaintiff's rights, of which they are on notice.  See photographs of Defendants' food cart which are attached as **Exhibit H** hereto and made a part hereof.  As can be seen from the photographs, Defendants are not only infringing Plaintiff's registered service mark THE HALAL GUYS (Exhibit C), they are also mimicking Plaintiff's "THE HALAL GUYS GYRO AND CHICKEN" LOGO (See Exhibit D), and otherwise unfairly competing with Plaintiff.

D. The Irreparable Harm and Injury Plaintiff will Suffer

31.     It has taken many years of dedication, hard work and consistent customer satisfaction for The Halal Guys to build their goodwill and reputation in the name THE HALAL GUYS.  Defendants' blatant appropriation of Plaintiff's business name, mark and goodwill will result in Plaintiff being associated with a food cart and business over which Plaintiff has no control.

32.     The unlawful activities of Defendants will result in actual or likely confusion

among consumers as to the source and origin of the food served at the Defendants' food cart, and will cause irreparable harm to the reputation and goodwill of the Plaintiff.

33.    The infringement and counterfeiting of plaintiff's mark THE HALAL GUYS could not have come at a worse time.  It has commenced on the eve of a New York Times article about Plaintiff (see Exhibit B) and Plaintiff's announcement that it will be franchising its business, both in the USA and in foreign countries, and the opening of Plaintiff's first brick and mortar restaurant in NYC.

34.    Unless the activities of the Defendants are preliminary and permanently restrained and enjoined, the goodwill and reputation that Plaintiff has earned will be irreparably destroyed.  Furthermore, Plaintiff's patrons and the public will be confused and deceived into thinking that businesses not associated with Plaintiff belong to or are associated with Plaintiff.  This confusion will be exacerbated by a patron's knowledge of Plaintiff's expansion, and thus patrons and the public will assume that a third party's food cart trading under the name THE HALAL GUYS OF NEW YORK are one and the same with Plaintiff, since obviously Plaintiff is THE HALAL GUYS "of New York" and references to THE HALAL GUYS "of New York" are references to Plaintiff's business.

35.    Defendants acts are intentional, willful and blatant.  They act with full knowledge that they are violating the rights of the Plaintiff, and do so without regard to their violation of the law.

E.  Plaintiff's Patrons and The Public will be Confused

36.    There is no doubt that Plaintiff's patrons and the public will be confused by Defendants' use of a counterfeit mark to refer to Defendants' business.  Some of Plaintiff's

customers are already asking how they can distinguish Plaintiff's business from its imitators.  As

such, not only the Plaintiff but Plaintiff's patrons and the public will be harmed and damaged unless

this Court grants the relief requested herein.

COUNT I

VIOLATION OF 15 U.S.C. §1114<br>(Trademark Counterfeiting)

37.     This cause of action arises under Section 32 of the Lanham Act, as amended,

15 U.S.C. §1114 et seq., for counterfeiting of a federally registered mark.

38.     Plaintiff repeats and realleges the allegations contained in the forgoing

paragraphs 1 through 36 as though fully set forth herein.

39.     The foregoing acts of the defendants are likely to cause confusion, mistake and

deception in commerce among members of the purchasing public and the trade as to the true source,

origin, or sponsorship of their restaurant services provided by a mobile food cart.  Use by defendants

of the mark THE HALAL GUYS OF NEW YORK constitutes clear and direct counterfeiting of

plaintiff's rights in and to its federally registered mark THE HALAL GUYS.

40.     The mark THE HALAL GUYS OF NEW YORK is a spurious designation

that is identical with or substantially indistinguishable from Plaintiff's mark for the identical services

registered by Plaintiff for its mark.

41.     Defendants' acts have been committed with the knowledge that that such

imitation is intended to be used to cause confusion, or to cause mistake or to deceive the consumer

and the public.

42.     Defendants have intentionally used the mark THE HALAL GUYS OF NEW

11

YORK knowing such mark is a counterfeit mark in connection with restaurant services provided by mobile food carts.

43.    The acts of Defendants described herein were undertaken without the permission, license or consent of Plaintiff.

44.    As a result of the Defendants' acts, Plaintiff has suffered irreparable injury. Plaintiff has no adequate remedy at law.

45.    Plaintiff is entitled to an order preliminarily and permanently enjoining and restraining the defendants from engaging in said acts as provided under 15 USC Section 1116(a), and to a seizure upon ex-parte application as provided under 15 USC Section 1116(d)(1).

46.    Plaintiff is entitled to three times the amount of its profits or damages, together with reasonable attorney's fees, as permitted in 15 USC Section 1117.

COUNT II

VIOLATION OF 15 U.S.C. §1114
(Trademark Infringement)

47.    This cause of action arises under Section 32 of the Lanham Act, as amended, 15 U.S.C. §1114 et esq., for infringement of a federally registered mark.

48.    Plaintiff repeats and realleges the allegations contained in the forgoing paragraphs 1 through 36 as though fully set forth herein.

49.    The foregoing acts of the defendants are likely to cause confusion, mistake and deception in commerce among members of the purchasing public and the trade as to the true source, origin, or sponsorship of their restaurant services provided by a mobile food cart. Use by defendants of the mark THE HALAL GUYS OF NEW YORK constitutes clear and direct infringement of

plaintiff's rights in and to its federally registered mark THE HALAL GUYS.

50.     The mark THE HALAL GUYS OF NEW YORK is identical with or substantially indistinguishable from Plaintiff's mark for the identical services registered by Plaintiff for its mark.

51.     Defendants' acts have been committed with the knowledge that that such imitation is intended to be used to cause confusion, or to cause mistake or to deceive the consumer and the public.

52.     Defendants have intentionally used the mark THE HALAL GUYS OF NEW YORK knowing such mark is an infringing mark in connection with restaurant services provided by mobile food carts.

53.     The acts of Defendants described herein were undertaken without the permission, license or consent of Plaintiff.

54.     As a result of the Defendants' acts, Plaintiff has suffered irreparable injury. Plaintiff has no adequate remedy at law.

55.     Plaintiff is entitled to an order preliminarily and permanently enjoining and restraining the defendants from engaging in said acts as provided under 15 USC Section 1116(a).

56.     Plaintiff is entitled to three times the amount of its profits or damages, together with reasonable attorney's fees, as permitted in 15 USC Section 1117.

COUNT III

VIOLATION OF 15 U.S.C. §1125(a)
(False Designation of Origin)

57.     This cause of action arises under Section 43(a) of the Lanham Act, as

13

amended, 15 U.S.C. §1125(a), for false designation of the origin and false description and representation.

58.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs 1 - 36 as though fully set forth herein.

59.    The Defendants' use of their purported THE HALAL GUYS OF NEW YORK mark is likely to cause confusion as to the source, origin or sponsorship of their goods.

60.    The foregoing acts of the Defendants constitute false designation of origin, false descriptions and false representations in commerce that the defendants' food cart is that of plaintiff, or is sponsored, approved, authorized by or affiliated with Plaintiff.

61.    The Defendants' actions are likely to cause confusion or mistake among consumers and the public as to the true origin, source, sponsorship or affiliation of the defendants' food cart in violation of Section 43(a) of the Lanham Act, as amended.

62.    Plaintiff has no control over the quality of the food served at Defendants' food cart which is promoted, advertised and sold under the mark THE HALAL GUYS OF NEW YORK, with the result that Plaintiff's valuable goodwill in its mark will be damaged.

63.    As a result of the Defendants' acts, Plaintiff has suffered irreparable injury. Plaintiff has no adequate remedy at law for the Defendants' continued acts.

64.    Plaintiff is entitled to an order preliminarily and permanently enjoining and restraining the Defendants from engaging in said acts.

65.    Plaintiff is entitled to damages, to be trebled, for the willful and intentional conduct of Defendants.

14

COUNT IV

VIOLATION OF NEW YORK GEN. BUS. LAW § 360-l and 349-h
(Injury to Business Reputation and Deceptive Business Practices)

66.    Plaintiff repeats and realleges each allegation in paragraphs 1 to 36 hereof as if fully set forth herein.

67.    By reason of the practices and acts set forth above, Defendants have injured Plaintiff's business reputation.

68.    The foregoing activities of Defendants are without the permission, license or consent of Plaintiff and, unless enjoined by this Court, Defendants will continue these practices and acts, thereby harming Plaintiff's business reputation and causing Plaintiff immediate and irreparable injury.

69.    Defendants' wrongful acts violate Section 360-l and 349-h of the New York General Business Law.

70.    Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, the damage to Plaintiff will exceed $10,000,000.   Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT IV

UNFAIR COMPETITION AND MISAPPROPRIATION UNDER THE COMMON LAW

71.    Plaintiff repeats and realleges each allegation in paragraphs 1 to 36 hereof as if fully set forth herein.

15

72.     The aforesaid activities of Defendants misappropriate and trade upon the fine reputation and goodwill of plaintiff, thereby injuring that reputation and goodwill, and unjustly divert from plaintiff to Defendants the benefits rightfully belonging to plaintiff.

73.     The aforesaid activities of Defendants constitute unfair competition, false advertising and misappropriation as proscribed by the common law.

74.     The aforesaid activities of Defendants are likely to result in confusion between Defendants' food cart and Plaintiff and/or Plaintiff's food carts and business.

75.     The aforesaid activities of Defendants have caused and will cause Plaintiff to sustain monetary damage, loss and injury.

76.     The aforesaid activities of Defendants have been undertaken in bad faith.

77.     Defendants have engaged and continue to engage in the foregoing activities knowingly and willfully and in total disregard of Plaintiff's intellectual property rights.

78.     Defendants' foregoing activities have irreparably damaged plaintiff and have further caused plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, the damage to Plaintiff will exceed $10,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.     Finding that Defendants have counterfeited Plaintiff's mark THE HALAL GUYS in violation of the Lanham Act, 15 U.S.C. §1114 and Defendants are thus liable to Plaintiff for treble damages or profits therefore;

16

B.      Finding that Defendants have infringed Plaintiff's mark THE HALAL GUYS in violation of the Lanham Act, 15 U.S.C. §1114 and Defendants are thus liable to Plaintiff for damages or profits therefore;

C.      Finding that Defendants have violated 15 U.S.C. § 1125 (a) of the Lanham Act, and Defendants are thus liable to Plaintiff for damages or profits therefor;

D.      Finding that Defendants have violated New York General Business Law §360-l and 349-h, and Defendants are thus liable to Plaintiff for damages or profits therefor;

E.      Finding that Defendants' actions constitute unfair competition and misappropriation under the common law of the State of New York and Defendants are thus liable in damages therefor;

F.      Enjoining Defendants preliminarily during the pendency of this action and permanently hereafter from:

          i.      Using the Plaintiff's mark THE HALAL GUYS in any manner;

          ii.      Using any mark confusingly similar to Plaintiff's registered mark THE HALAL GUYS, including but not limited to Defendants' use of the mark THE HALAL GUYS OF NEW YORK;

          iii.      Using the Plaintiff's marks "THE HALAL GUYS GYRO AND CHICKEN" LOGO and THE HALAL GUYS Cart and Patron Line" Design Mark, or marks confusingly similar thereto, in any manner;

          iv.      Misleading the public into thinking that Defendants' food cart(s) and/or businesses are associated with, sponsored or endorsed by the Plaintiff;

          iii.      Operating Defendants' food cart under the business name "The Halal Guys of

17

New York" or any other name that is likely to cause confusion or in any way be associated with Plaintiff or with any of Plaintiff's marks;

        G.      Directing Defendants to deliver to Plaintiff for destruction all signs, banners, promotional or advertising items (including food containers and bags) that infringe the Plaintiff's registered marks and/or which Defendants are hereinabove enjoined from using;

        H.      Awarding Plaintiff its damages from Defendants' wrongful acts, such damages to be trebled;

    I.      Directing Defendants to account to Plaintiff for all profits resulting from Defendants' infringing activities and awarding Plaintiff such profits, such profits to be trebled;

        J.      Awarding Plaintiff's attorneys fees and costs; and

        K.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all facts so triable.

Dated:   New York, New York
         July 1, 2014

                         GOTTLIEB, RACKMAN & REISMAN, P.C.

                         By: _____
                             Maria A. Savio (MAS 7756)
                             Samantha Rothaus
                             270 Madison Avenue
                             New York, New York 10016
                             Phone: (212) 684-3900
                             Fax:    (212) 684-3999

                             Attorneys for Plaintiff